# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ROBERT SMITH JR.  ]
4008 27TH AVENUE  ]
TEMPLE HILLS, MD 20748  ]
]
    PLAINTIFF  ]
]
v.  ]   Case No.
]
UNITED STATES OF AMERICA  ]
450 FIFTH STREET, N.W.  ]
SUITE 8000  ]
WASHINGTON, D.C. 20530  ]
]
    DEFENDANT  ]
_____ ]

## COMPLAINT

The Plaintiff, Robert Smith Jr., acting by and through counsel, Robert E. Cappell, brings this civil action under the Federal Tort Claims Act to collect damages for loss of property and other relief as appropriate, including but not limited to relief under the Freedom of Information Act and specific performance.

1. This court has subject matter jurisdiction over this action, under 28 U.S.C. §1346(b)(1).

2. At all times hereinafter mentioned, Plaintiff was and still is a resident

of Maryland and the son of deceased veteran, Robert Smith Sr.

3.   The Defendant is the U.S. Department of Veterans Affairs and the U.S. Office of Personnel Management.

4.   Prior to filing the Complaint, the Plaintiff filed an Administrative Tort Claim against the U.S. Department of Veterans Affairs which was denied. (Exhibit 1)

5.   On August 22, 2011, Robert Smith Sr. was a patient at the United States Department of Veterans Affairs Medical Center Washington, D.C.

6.   On August 22, 2011, Lea Anderson, Keon Anderson and Valerie Flowers were employees of the United States Department of Veterans Affairs Medical Center Washington, D.C. and acting within the scope of their employment.

### Count One

7.   On the above described date, Lea Anderson, Keon Anderson and Valerie Flowers negligently committed the following acts;

A.   Declared that Robert Smith Sr. asked them to witness a Last Will and Testament, (Exhibit 2)

B.   Declared that Robert Smith Sr. signed a Last Will and Testament in their

2

presence,

C. Declared that Robert Smith Sr. was of sound mind and memory,

D. Declared that Robert Smith Sr. acted willingly,

E. Declared that Robert Smith Sr.'s actions were done free and voluntarily,

F. Declared that Robert Smith Sr. was under no constraint.

8. Lea Anderson, Keon Anderson and Valerie Flowers had a duty not to perform each of the above described acts.

9. Lea Anderson, Keon Anderson and Valerie Flowers each, independently and jointly, breached the above described duties.

10. The breach of each duty by Lea Anderson, Keon Anderson and Valerie Flowers, individually and jointly, caused the Plaintiff to be disinherited by his father.

**Count Two**

11. On the above described date, Lea Anderson, Keon Anderson and Valerie Flowers witnessed the designation of beneficiary on an insurance policy that Robert Smith Sr. had with the Federal Employees Group Life Insurance (hereinafter FEGLI);

12. Lea Anderson, Keon Anderson and Valerie Flowers had a duty not to

perform the above described act.

13. Lea Anderson, Keon Anderson and Valerie Flowers each, independently and jointly, breached the above described duty.

14. The breach of the above described duty by Lea Anderson, Keon Anderson and Valerie Flowers, individually and jointly, caused the Plaintiff to lose the benefits of the FEGLI insurance. (Exhibit 3)

## Count Three

15. On the above described date, Lea Anderson, Keon Anderson and Valerie Flowers witnessed the designation of beneficiary by Robert Smith Sr. of his Death Benefits under the Civil Service Retirement System.

16. Lea Anderson, Keon Anderson and Valerie Flowers had a duty not to perform the above described act.

17. Lea Anderson, Keon Anderson and Valerie Flowers each, independently and jointly, breached the above described duty.

18. The breach of the above described duty by Lea Anderson, Keon Anderson and Valerie Flowers, individually and jointly, caused the Plaintiff not to be paid the benefits of his father's death benefits under the Civil Service Retirement System. (Exhibit 4)

## Count Four

19. On the above described date, Lea Anderson, Keon Anderson and Valerie Flowers witnessed the designation of beneficiary on an insurance policy that Robert Smith Sr. had with Metropolitan Life Insurance Company.

20. Lea Anderson, Keon Anderson and Valerie Flowers had a duty not to perform the above described act.

21. Lea Anderson, Keon Anderson and Valerie Flowers each, independently and jointly, breached the above described duty.

22. The breach of the above described duty by Lea Anderson, Keon Anderson and Valerie Flowers, individually and jointly, caused the Plaintiff to lose the benefits of an insurance policy that Robert Smith Sr. had with Metropolitan Life Insurance Company.

## Count Five

23. On October 6, 2011 the Plaintiff requested the U.S. Office of Personnel Management not to pay the death benefits of his father to anyone until the Veteran's Administration Hospital had conducted an investigation and requested a copy of all documents submitted in his father's file. (Exhibit 5)

24. On March 18, 2013 a similar request was sent by Plaintiff to the U.S.

Office of Personnel Management. (Exhibit 6)

25. At this time the U.S. Office of Personnel Management has not responded to the Plaintiff's requests for information and has not paid death benefits to anyone.

WHEREFORE, it is respectfully requested that the Plaintiff be awarded two million dollars in damages, that the U.S. Office of Personnel Management be ordered to pay the Plaintiff the death benefits of his father, Robert Smith Sr. and that Plaintiff be awarded such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
Robert E. Cappell, D.C. Bar 321265
3405 Epic Gate
Bowie, MD 20716
(301) 249-3002
robertcappellattorneyatlaw@msn.com

**JURY DEMAND**

The Plaintiff demands trial by jury.

_____
Robert E. Cappell



**U.S. DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF REGIONAL COUNSEL**
3900 Loch Raven Boulevard
Building 4
Baltimore, Maryland   21218

*(410) 605-7600* - Telephone
*(410) 605-7699* - Facsimile

**WASHINGTON OFFICE:**
1722 I Street, NW – Suite 302
Washington, DC   20421

**SENT BY REGULAR AND CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

December 10, 2013

Robert E. Cappell, Esq.
3405 Epic Gate
Bowie, Maryland   20716

  Subject:  Administrative Tort Claim of Robert Smith, Jr.

Dear Mr. Cappell:

We have completed our investigation of your client's administrative tort claim in the total amount of $2,000,000.00, based on the alleged negligence of employees of the U.S. Department of Veterans Affairs Medical Center, Washington, DC, in or about September 2011.

VA is responsible for any negligent or wrongful acts or omissions by VA employees acting within the scope of their employment which have caused death, personal injury, and/or property damage or loss.  We have found no such negligent or wrongful acts or omissions in this case.  Consequently, we must respectfully deny your client's claim.

If your client is dissatisfied with this decision, he may file a request for reconsideration of his claim by any of the following means: (1) mail a request to the Torts Director, Office of Regional Counsel, 800 Poly Place, Bldg. 14, Brooklyn, NY 11209; (2) file a request by data facsimile (fax) to (718) 630-2917; or (3) e-mail the request to OGCtortsdirector@va.gov.  To be timely filed, VA must receive his request prior to the expiration of 6 months from the date of the mailing of this final denial.  Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and his option to file suit in an appropriate U.S. District Court under

*[handwritten: 12/17/13 Copied Client]*

*[PLAINTIFF'S EXHIBIT 1]*

28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if your client is dissatisfied with the action taken on the claim, he may file suit in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If such suit is initiated, please be advised that the proper party defendant is the United States, not VA.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government, and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

PAUL G. THOMSON
Acting Regional Counsel

**DOCKETED**     **SCANNED**     **FILED**
SEP 16 2011
Register of Wills
Office of the Probate Division

I, Robert Smith, Sr., of the County of Washington, D.C., State of the District of Columbia, being of sound mind and memory, do hereby declare and publish this to be my Last Will and Testament and revoke all prior wills and codicils by me made.

- I give and devise all of my estate, both realty and peronsalty, to my neice Deitra Jennings, for her own use, absolutely and forever.

- I hereby nominate and appoint my neice, Deitra Jennings as the personal representative of my estate.

- In the event my neice Deitra Jennings does not survive me, or in the event that we both perish in a common disaster, then I give and devise all of my estate, both realty and personalty, to my neice Malikah Smith, for her own use, absolutely and forever.

- In the event my neice Deitra Jennings does not survive me, or in the event that we both perish in a common disaster, then I nominate and appoint my neice, Malikah Smith as the personal representative of my estate.

- I direct that my personal representative shall serve without bond in an unsupervised administration.

IN TESTIMONY WHEREOF, I have this 22 day of August, 2011, exhibited the foregoing instrument to the witnesses whose names are signed below, declared to them the same to be my Last Will and Testament, and signed it in their presence.

On this 22 day of August, 2011, the foregoing instrument was exhibited to us by Robert Smith, Sr. who was then, to the best of our observation, knowledge and belief, of sound mind and memory, by him declared to be his Last Will and Testament, and by him signed in our presence; and at the same time, at his request and in his presence, we signed our names hereto as witnesses hereof.

_____ 8-22-11 OF DC-VAMC
_____ OF DC-VAMC

STATE OF District of Columbia
COUNTY OF Washington, D.C.

We, Robert Smith, Sr.

_____ 8-22-11
[Witness 1]

_____
[Witness 2]

**PLAINTIFF'S EXHIBIT 2**

the testator and the witnesses, respectively, whose names are signed to the attached and foregoing instrument, being first duly sworn, do hereby declare to the undersigned authority that the testator

signed and executed the instrument as his Last Will and that he had signed willingly, or directed another to sign for him, and that he executed it as his free and voluntary act for the purposes therein expressed; and that each of the witnesses, in the presence and hearing of the testator, signed the Will as witnesses and that to the best of their knowledge, the testator was at the time 18 years or more years of age, of sound mind and under no constraint or undue influence.

_____
Testator

_____
Witness

_____
Witness

Subscribed and sworn to and acknowledged before me by Robert Smith, Sr., Testator, and subscribed and sworn to before me by _____, and _____, witnesses, this ____ day of _____, 20____.

_____
Notary Public

District of Columbia
Subscribed and sworn to before me, in my presence, this ____ day of _____, 20____
by _____
_____ Notary Public
My Commission Expires _____

2 of 3

## DISPOSITION OF TANGIBLE PERSONAL PROPERTY

I, Robert Smith, Sr., of the County of Washington, D.C., State of the District of Columbia, do hereby direct the disposition of certain items of tangible personal property of my estate. Said disposition is hereby incorporated into my Last Will and Testament, bearing the date of 22 August 2011, by virtue of the Statutes of the State of the District of Columbia. Any prior document purporting to dispose of items of tangible personal property pursuant to the above statute is hereby revoked.

I hereby direct that the following items shall be distributed by my personal representative(s) as follows:

1. Sofa & chair — Deitra Jennings
2. Glass & metal tables (3) — Deitra Jennings
3. Livingroom rug — Deitra Jennings
4. Flat screen TV — Deitra Jennings
5. Livingroom mirror — Malikah Smith
6. Livingroom lamp — Malikah Smith
7. Stereo — Malikah Smith
8. Record collection — Malikah Smith
9. Dinette set: table & 2 chairs — Malikah Smith
10. Kitchen items — Deitra Jennings
11. Bedroom set: frame, side table & dresser — Malikah Smith
12. Mattress — Deitra Jenninigs
13. Dresser — Malikah Smith
14. Checkings/Savings accounts — Deitra Jennings & Malikah Smith
15. Clothes
16. Miscellaneous

Any items of tangible personal property not mentioned in these directions shall be distributed pursuant to the provisions of my Last Will and Testament.

Dated this 22 day of August, 2011.

_____
Notary Public

VALERIE FLOWERS
Notary Public, District of Columbia
My Commission Expires April 30, 2013

VALERIE FLOWERS
Notary Public, District of Columbia
My Commission Expires April 30, 2013

District of Columbia

Subscribed and sworn to before me, in my presence, this 22 day of August, 20 11
by _____
_____ Notary Public
My Commission Expires _____

**OFFICE OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE**
**P.O. BOX 6512**
**UTICA, NY 13504-6512**

November 14, 2011

Mr. Robert Smith, Jr.
4008 27th Avenue Temple
Temple Hills, MD 20748

Re: Insured – Robert Smith
Claim Number – 2011 09 04656

Dear Mr. Smith:

This responds to your letter dated October 6, 2011 that we received on November 9, 2011 regarding the Federal Employees' Group Life Insurance (FEGLI) benefits due to the death of the above named insured.

The FEGLI Policy is governed by federal statutes and regulations contained in the Federal Employees' Group Life Insurance Act ("FEGLIA" or the "FEGLI statute"), 5 U.S.C. §§ 8701 - 8716 and the federal regulations at 5 C.F.R. Part 870.

By Federal Law, the Office of Federal Employees' Group Life Insurance (OFEGLI) pays benefits in this order:

A. If the Insured assigned ownership of his/her insurance (usually by filing an RI 76-10 Assignment of Life Insurance) OFEGLI will pay:

First, to the beneficiary(ies) the assignee(s) validly designated;

Second, if none, to the assignee(s).

B. If the Insured did not assign ownership and there is a valid court order* on file with the agency or OPM, as appropriate, OFEGLI will pay benefits according to the court order.

C. If the Insured did not assign ownership and there is no valid court order* on file with the agency or OPM, as appropriate, then OFEGLI will pay:

First, to the beneficiary(ies) the Insured validly designated;

Second, if none, to the Insured's widow or widower;

Third, if none of the above, to the Insured's child or children and the descendants of any deceased children (a court will usually have to appoint a guardian to receive payment for a minor child);

PLAINTIFF'S EXHIBIT 3

Re:    Insured – Robert Smith

Fourth, if none of the above, to the Insured's parents in equal shares, or the entire amount to the surviving parent;

Fifth, if none of the above, to the court-appointed executor or administrator of the Insured's estate;

Sixth, if none of the above, to the Insured's other next of kin entitled under the laws of the State where the Insured lived.

Based upon the information received, payment of the FEGLI benefits was made according to the Order of Payment listed above. Therefore, payment was made in good faith and our liability in this matter has been satisfied.

Payment was made to the named beneficiary of this policy in good faith and without receiving notice of any adverse claim prior to payment. Based on the information stated in this letter, we are unable to give consideration to your claim and our liability in this matter has been satisfied.

If you have any questions, you can call me at 315-792-5968, or you may use our toll-free number 1-800-633-4542.

Sincerely,

Christinne A. Davis
Case Management Specialist



United States
# Office of
## Personnel Management

Retirement Operations Center
PO Box 45
Boyers, Pennsylvania 16017

ROBERT SMITH JR
4008 27TH AVE
TEMPLE HILLS MD 20748

January 11, 2013
CSF ▮▮▮▮▮▮▮

DEAR MR SMITH:

We cannot process your application for death benefits under the Civil Service Retirement System due to the death of ROBERT SMITH until you provide us with the following information or evidence:

UPON REVIEW OF YOUR SUBMITTED APPLICATION FOR A ONETIME LUMP SUM PAYMENT AND FURTHER REVIEW OF THE CASE FILE; IT HAS BEEN RECOGNIZED BY THIS OFFICE THAT THERE IS A DESIGNATION OF BENEFICIARY FOR THIS PAYMENT.

THE PERSON'S NAMES ARE DELTRA LS JENNINGS AND MALIKAH L SMITH EACH LISTED AS NIECE.

PLEASE FIND ENCLOSED AN APPLICATION FOR EITHER OF THESE TWO MENTIONED ABOVE TO COMPLETED. IF EITHER IS NOT STILL LIVING PLEASE STATE SO AND PROVIDE PROOF OF DEATH.

NO PAYMENT WILL BE MADE UNTIL THE REQUESTED INFORMATION IS PROVIDED.

**IF WE HAVE ASKED YOU FOR EVIDENCE OR INFORMATION, PLEASE ATTACH IT TO THIS LETTER, SIGN THIS FORM, AND RETURN IT TO US IN THE ENCLOSED ENVELOPE.**

_____
Stephanie Hawk
Customer Service Specialist
Survivor Processing Section
Boyers, PA
(724) 794-2005 Ext. 3422

*ALSO NEED IS A DEATH CERTIFICATE FOR ROBERT SMITH*

**PLAINTIFF'S EXHIBIT 4**

*Retirement Operations Center*

October 6, 2011

United State Government
Office of Personnel Management
1900 E Streets NW
Washington, DC  20415

To Whom It May Concern:

Upon receipt of this correspondence, please send all relevant copies of all documents of Beneficiary Information on my father Mr. Robert Smith, Sr., (SS#███████) who died September 13, 2011 while receiving medical care at the Veterans Administration Hospital located in Washington, DC.

Additionally, I am formally requesting that **No Benefit Funds** of his Insurance policy be released to any beneficiary of record until an official investigation by your agency and the Veterans Administration Hospital which is also conducting an internal investigation relative to Fraud,, Embellishments, Forgery, and personal undue influence by Ms. Deitra Jennings, and Ms. Malikah Smith.

Finally, enter this address, and telephone number where I may be contacted immediately.

    Mr. Robert Smith, Jr
    4008 27th Avenue,
    Temple Hills, Maryland
    20748

    Phone Number 240-460-0745

Sincerely Yours,

*Robert Smith Jr.*

Robert Smith, Jr

PLAINTIFF'S EXHIBIT 5

# ROBERT E. CAPPELL ATTORNEY AT LAW

3405 Epic Gate  
Bowie, MD 20716

(301) 249-3002  
(301) 249-3005  
robertcappellattorneyatlaw@msn.com

Licensed in Maryland and  
The District Of Columbia

March 18, 2013

U.S. Office of Personnel Management  
Retirement Operations Center  
P.O. Box 45  
Boyers, PA 16017  
**ATTN Stephanie Hawk**  
    **Customer Service Specialist**  
    **Survivor Processing Section**

Re:    Deceased:    Robert Smith  
        Claim No.:    [redacted]  
        Social Security No.:    [redacted]  
        My Client:    Robert Smith Jr.

Dear Ms. Hawk:

    I represent Robert Smith Jr. You and I spoke on January 28, 2013, regarding the death benefits of Robert Smith Sr., Social Security Number [redacted]. At that time I was informed that the case was on hold for 30 days and that the designated beneficiaries had not submitted an application for benefits.

    As I stated during that conversation, a letter would be sent to you requesting that no payment be made until a court order was obtained to determine whether the designation of beneficiary is a forgery.

    Please send a copy of Mr. Robert Smith's file including but not limited to all designations of beneficiaries and applications for benefits received if any.

    Finally, please submit this letter to the Chief of the Retirement Operations Center and ask him/her if an injunction or temporary restraining order is needed to delay payment of the benefits.

    Thank you.

Sincerely yours,

*[signature]*

Robert E. Cappell, Esquire

cc: Robert Smith Jr.

PLAINTIFF'S EXHIBIT 6

CO-386-online
10/03

# United States District Court
# For the District of Columbia

ROBERT SMITH JR )
4008 27TH AVENUE )
TEMPLE HILLS, MD 20748 )
                      )
              Plaintiff )
        vs            )   Civil Action No._____
                      )
UNITED STATES OF AMERICA )
450 FIFTH STREET, N.W. SUITE 800 )
WASHINGTON, D.C. 20530 )
                      )
              Defendant )

**CERTIFICATE RULE LCvR 7.1**

I, the undersigned, counsel of record for __ROBERT SMITH JR.__ certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of __NONE__ which have any outstanding securities in the hands of the public:

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

_____
Signature

D.C. BAR NO. 321265
BAR IDENTIFICATION NO.

ROBERT E. CAPPELL
Print Name

3405 EPIC GATE
Address

BOWIE        MD        20716
City         State     Zip Code

(301) 249-3002
Phone Number